Hyatt, J.
The plaintiff sued to recover damages for an alleged breach of a written contract, by which he agreed *279 to make and deliver to the defendants certain busts of Eobert E. Lee.
He delivered a part of the agreed number and offered to deliver the remainder; the defendants refused to take them and for such refusal this action was brought for damages.
The defence was a denial of performance on the plaintiff’s part. The answer also purported to set up a counter-claim for damages, to which the plaintiff demurred as being insufficient in law upon its face.
The counter-claim as pleaded was in effect, that the plaintiff having agreed to make for the defendants one thousand busts of General Lee, of which the model was to be approved by the defendants, first submitted, a model bust which was approved by the defendants, and then delivered under the contract four hundred and thirty-six busts, which the defendants accepted and paid for. " That the defendants being cigar manufacturers, doing a large business in the south, in accordance with a custom, distributed some of these busts among their customers as an advertisement, who returned the same as being a poor likeness of General Lee, and thereupon the defendants notified the plaintiff thereof, claiming that the busts so delivered were not a good copy of the sample furnished to them, and were done in a poor manner, and that in consequence they suffered damages from the cancellation of orders based upon the expectation of receiving a good bust of General Lee as a memento or advertisement of their goods.
It is not alleged that there was any fraud or latent defect in the busts as delivered which prevented the defendants from discovering that they were not like the model before they accepted, paid for and distributed them.
It is not alleged that the defendants ever offered to return the busts to the plaintiff, even after they learned that they were not like the model shown them.
It is well settled law that “in the absence of fraud or latent defect, an acceptance of the article sold upon an executory contract after an opportunity to examine it, is a consent and agreement that the quality is satisfactory, and as conforming to the contract, and bars all claim for compensation for any defects that may exist in the article. The party cannot, under, such circumstances, retain the property and afterwards sue or comiter-claim for damages under pretence that it was not of the character and quality or description called for by the agreement.” Gaylord Mfg. Co. v. Allen, 53 N. Y., 515; Reed v. Randall, 29 id., 358; McCormack v. Sarson, 45 id., 265; Dutchess Co. v. Harding, 49 id., 321.
*280 . In the case at bar the defendants were bound to return, or offer to return, the busts.
The case of Briggs v. Hilton (99 N. Y., 517), relied upon the defendants’ counsel upon the point that the right to counter-claim damages survives an acceptance of the article, is distinguishable from the case at the bar, there was an express warranty of the quality of the thing sold, or testimony which authorized the finding of a warranty. In this case there was no warranty, and none was pleaded. There was simply a contract to make a number of statuettes of which the model should be approved by the defendants. That the statuettes as delivered should correspond to the model, and should be in a workmanlike manner, was a part of the contract, and not a special warranty or agreement collateral to it, and, in the absence of fraud or artifice in inducing an acceptance of the article, did not survive an acceptance of the busts. Gaylord Mfg. Co. v. Allen, 53 N. Y., 515; Reed v. Randall, 29 id., 358.
The allegation in the counter-claim that the statuettes furnished to the defendants were not a good likeness of General Lee, and that they were returned by defendants’ customers on this account, is irrelevant. The contract did not require the statuettes to be good likenesses of General Lee, and did not require that the same should satisfy defendants’ customers. It was stipulated in the contract that the sample or model bust was to be subject to the defendants’ approval or rejection. The answer admits that the defendants approved the sample bust submitted to them, and thereafter accepted and paid for 436 busts delivered to them by the plaintiff under the contract.
The allegation in the counter-claim that the defendants notified the plaintiff that they refused to accept the balance of the statuettes as not made in a workmanlike manner, not being a bust of General Lee, and not in accordance ■ with the contract, is no material part of the counter-claim. It may constitute a defense to this action for the price of the busts thus refused, but it can afford the defendants no basis for the affirmative relief which they demand in their counter-claim.
The damages asked for by the defendants can spring only from the defects of the busts actually delivered and paid for, but not from the busts which the defendants refused to accept.
The counter-claim is defective as to form and substance; the demurrer to the same should have been sustained, and the order overruling the same, and the interlocutory judgment entered thereon should be reversed, with costs.